UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID SHANNON SCOTT       ]
    Movant,               ]
                          ]          No. 3:09-0243
v.                        ]          (Criminal Action
                          ]          No. 3:06-00025)
UNITED STATES OF AMERICA  ]          Judge Trauger
    Respondent.           ]

M E M O R A N D U M

The movant, proceeding *pro se*, is an inmate at the Federal Penitentiary in Atlanta, Georgia. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On August 28, 2007, the movant pled guilty to distributing fifty (50) grams or more of cocaine. For this crime, he received a sentence of one hundred forty four (144) months in prison, to be followed by five years of supervised release. There was no direct appeal of the conviction taken by the movant.[1]

On March 11, 2009, the movant filed the instant § 2255 motion (Docket Entry No.1). In it, he claims that the Court erroneously sentenced him as a career offender. More specifically, the movant alleges that he lacked the requisite number of predicate offenses

---

[1] The government did file an appeal. That appeal, however, was later withdrawn. Docket Entry No.1 at pg.16.

1

needed to qualify as a career offender.

Upon preliminary review of the motion, the Court determined that the movant had stated a colorable claim for relief. Accordingly, by an order entered March 24, 2009 (Docket Entry No.3), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently before the Court are movant's § 2255 motion and the government's response to the motion (Docket Entry No.6). Having carefully considered these pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir.1999)(an evidentiary hearing is not required when the record conclusively shows that the movant is entitled to no relief). Consequently, the Court shall dispose of the motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The movant was found by the Court to be a career offender. To qualify as such, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). One of the predicate offenses used to establish career offender status for the movant was a state failure-to-return escape conviction. The movant claims that this conviction should not have been used as a predicate offense because a failure-to-return escape conviction does not constitute a

2

"violent felony" as defined by the sentencing guidelines. USSG § 4B1.2(a).

The movant avers that, both before and during his sentencing hearing, it was "argued that he did not qualify as a career offender because a failure-to-return type of escape offense did not qualify as a predicate "crime of violence" for career-offender purposes." Docket Entry No.1 at pg.15. Thus, the movant was aware that there was a legal basis for his claim but chose not to pursue it on appeal. *See* United States v.Peyton, 183 Fed. Appx. 539, 550-551 (6th Cir.2006).

Claims which were available but not raised on direct appeal are procedurally barred in a subsequent § 2255 proceeding. Bousley v. United States, 523 U.S. 614,621 (1998). To obtain review of a procedurally defaulted claim, the movant must show cause for his failure to raise the claim previously *and* prejudice arising from the alleged constitutional violation. Peveler v. United States, 269 F.3d 693,698-700 (6th Cir.2001).

The movant's claim was not offered for review on direct appeal even though it was known to him and had been argued at the sentencing phase of his trial. The movant has offered no cause for his failure to present the claim on appeal. Therefore, the movant's procedural default is unexcused.[2]

---

[2] If a movant fails to establish cause for a procedural default, it is unnecessary to determine whether he was prejudiced by the alleged constitutional violation. Bousley, *supra* at 523

3

Despite an absence of cause and prejudice, though, a movant can still obtain review for a procedurally defaulted claim when such review would be necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478,495-496 (1986). The movant pled guilty to the charge and in no way has asserted his innocence. Therefore, movant's failure to raise his claim on direct appeal constitutes an unexcused procedural default which bars him from federal habeas corpus review of the claim.

In any event, the movant's claim has no merit. Earlier this year, the Supreme Court decided Chambers v. United States, 129 S.Ct. 687 (2009). In that case, the Court held that a failure-to-return escape conviction in Illinois did not constitute a crime of violence for purposes of career offender status. The movant believes that this decision, applied retroactively, entitles him to resentencing as a non-career offender.

First, the movant was not sentenced within the range of a career offender (262-327 months). He was, in fact, sentenced within the range of a non-career offender (120-150 months), a range that was endorsed by the movant prior to sentencing. *See* Docket Entry No.1 at pg.18 and Exhibit No.1 at pg.16.

---

U.S. 623.

Secondly, the Chambers decision does not apply retroactively to the movant's situation. Where a case such as Chambers involves a new interpretation of substantive criminal law, retroactive application is appropriate only to prevent a defendant from being punished for an act that the law does not make criminal or from facing a punishment that the law cannot impose upon him. Davis v. United States, 417 U.S. 333, 346 (1974).[3] Since the movant did not receive a sentence commensurate with the range for a career offender, he was not faced with a punishment that the law could not impose upon him.

Having carefully considered the § 2255 motion, the Court finds no valid reason to vacate, set aside or correct the movant's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[3] Davis also recognized that retroactivity does not trump a movant's waiver of an issue. *Id.* at pg.341, n.12.